FRANCISCO SUSONI, Plaintiff and Appellee, *v.* JUAN DE LA CRUZ CUBERO ET AL., Defendants and Appellants.

No. 4368. Argued June 5, 1928.—Decided July 28, 1928.

*Luis Toro Cabañas* for the appellant. *Antonio Lens* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Garmendía was under an obligation to pay damages for injuries to the son of Juan de la Cruz Cubero by reason of an automobile accident. He undertook to do so. He took the son to the clinic of Dr. Susoni, was instrumental in compromising the claim for damages at $2,000 paid to Juan de la Cruz Cubero and agreed, besides, to pay the further expenses of the clinic. He paid $500 to Dr. Susoni and some time thereafter went into bankruptcy.

Dr. Susoni had a claim for services of $1,685.50. He credited the sum of $500 and requested payment of Juan de la Cruz Cubero for the balance. The latter refused to pay and suit was brought against him and Garmendía. Subsequently the action was discontinued as against Garmendía. At the trial Dr. Susoni offered evidence tending to show that the father as well as Garmendía agreed to be responsible for Dr. Susoni's bill and the court found in favor of the plaintiff.

Independently of any release made by Dr. Susoni there is strong evidence tending to show that Cubero agreed to be responsible to the former. It was a natural responsibility of the father and according to the evidence, as believed by the judge, Cubero made specific statements to the effect that he would be responsible to Dr. Susoni, or words that were tantamount to such an agreement.

As to the release by Dr. Susoni, the evidence is conflicting. The burden was on the defendant to show such a release. There was testimony tending to show that Cubero would not have compromised with Garmendía if he had not believed that Dr. Susoni was disposed to accept the sole responsibility of the said Garmendía, but Dr. Susoni denied such statement and there was other evidence to deny it.

Partly because there was other evidence, the appellant presents the following assignment of error:

"The lower court erred:

"1.—In overruling the motion of the defendant that the rebuttal testimony of attorney Lens be stricken out, inasmuch as rather than rebuttal his testimony was a contradiction of the truth of the testimony of witnesses Cubero and Avilés and yet no foundation for it had been laid."

Perhaps the testimony of attorney Lens was a contradiction of the truth of the testimony of the defendant's witnesses, but the primary purpose of the rebuttal evidence was not for the purpose of showing that the witnesses had made contrary statements on other occasions, but to give testimony material to the issues in the case; in other words, to show that neither Dr. Susoni nor his attorney ever agreed to release the defendant Cubero, as the latter attempted to maintain.

Without the testimony of attorney Lens we are convinced that the defendant Cubero failed to make out a release. The judgment should be affirmed.